975 So.2d 536 (2008)
K.Q.S., a Child, Appellant,
v.
STATE of Florida, Appellee.
No. 1D07-1556.
District Court of Appeal of Florida, First District.
January 31, 2008.
Rehearing Denied February 28, 2008.
Nancy A. Daniels, Public Defender, and M.J. Lord, Assistant Public Defender, Tallahassee, for Appellant.
Bill McCollum, Attorney General, Office of the Attorney General, and Giselle Lylen Rivera, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
The appellant challenges an order of the trial court finding six instances of criminal contempt and imposing a sentence of 80 days of secure detention. The appellant asserts that, pursuant to section 985.037, Florida Statutes (2007) and J.D. v. State, 954 So.2d 93 (Fla. 5th DCA 2007), the trial court was prohibited from imposing consecutive sentences for each instance of contempt. We disagree and affirm the child's sentences for contempt.

I. Background
On January 31, 2007, the appellant appeared before the trial court to plead to a new law offense and to violating probation. After noting that the appellant had previously absconded, the trial court ordered the appellant placed in detention until his disposition hearing. At that time, the appellant became very defiant and began using extremely profane language. Although the trial court gave the appellant numerous opportunities to stop his tirade and apologize, the appellant continued to use vile language in personal verbal attacks to the judge. In response, the trial court found the appellant to have been in contempt of court six times and imposed one five-day detention to be followed by five consecutive fifteen-day detentions to be served following his regular disposition and commitment, for a total of eighty days of secure detention. The appellant does not challenge the finding of six instances of contempt on appeal. On February 15, 2007, the appellant was adjudicated delinquent and sentenced in accordance with the Department's recommendation to a high-risk facility, with no post-commitment probation to follow.
On June 9, 2007, after the timely notice of appeal had been filed, but before the *537 initial brief was filed, the appellant filed a motion to correct disposition error pursuant to Florida Rule of Juvenile Procedure 8.135(b)(2). The appellant asserted the same issue he now raises on appeal, namely, that the trial court was prohibited from imposing more than 20 days of detention for his direct contempt based on J.D. v. State, 954 So.2d 93 (Fla. 5th DCA 2007). The trial judge denied the motion, stating that he did not believe that J.D. applied and that nothing prohibited him from stacking the sentences for contempt.[1] The appellant appeals the denial of the motion filed pursuant to rule 8.135.

II. Analysis
The appellant asserts that stacking periods of detentions for contempt is not permitted under the applicable statutes and the case law. Specifically, the appellant asserts that section 985.037, Florida Statutes (2007), and J.D. v. State, 954 So.2d 93 (Fla. 5th DCA 2007), provide that only one five-day and one fifteen-day detention may be imposed under the circumstances. We disagree.
Section 985.037 delineates a trial court's powers to impose sanctions on juveniles who are in contempt of court.[2] That section states:
(1) CONTEMPT OF COURT; LEGISLATIVE INTENT.  The court may punish any child for contempt for interfering with the court or with court administration, or for violating any provision of this chapter or order of the court relative thereto. It is the intent of the Legislature that the court restrict and limit the use of contempt powers with respect to commitment of a child to a secure facility. A child who commits direct contempt of court or indirect contempt of a valid court order may be taken into custody and ordered to serve an alternative sanction or placed in a secure facility, as authorized in this section, by order of the court.
(2) PLACEMENT IN A SECURE FACILITY.  A child may be placed in a secure facility for purposes of punishment for contempt of court if alternative sanctions are unavailable or inappropriate, or if the child has already been ordered to serve an alternative sanction but failed to comply with the sanction. A delinquent child who has been held in direct or indirect contempt may be placed in a secure detention facility not to exceed 5 days for a first offense and not to exceed 15 days for a second or subsequent offense.

§ 985.037, Fla. Stat. (2007) (Emphasis supplied).
Section 985.037 was discussed by the Fifth District in J.D. v. State, 954 So.2d 93 (Fla. 5th DCA 2007). In that case, the trial court found that a juvenile had violated the same behavior order five times and imposed a sentence of seventy-five days of confinement. Id. at 94. The issue was whether the trial court erred by imposing consecutive fifteen-day sentences for each violation of the same behavior order. Id. The court analogized the stacking of sentences for contempt with the stacking of periods of detention in section 985.26(2), and with a prohibition on using multiple instances of violation of probation as a basis for departure, and held that section 985.037 prohibited the stacking of periods of secure detention for juveniles found guilty of contempt.
*538 Contrary to the Fifth District's conclusion in J.D., we hold that section 985.037 does not prohibit the trial court from imposing consecutive sentences of secure detention for each separate instance of contempt. Although section 985.037 limits a sentence for a second or subsequent offense to fifteen days, nothing in the statute states that multiple instances of direct contempt cannot be separately punished with consecutive sentences of fifteen days of confinement for each offense. In fact, the statute specifically states that a sentence of fifteen days may be imposed for a "second or subsequent" offense. We find that the plain meaning of the statute allows a trial court to impose a sentence of 15 days for each instance of contempt, consecutively if it so wishes. See Tillman v. State, 934 So.2d 1263 (Fla.2006) ("In construing statutes, we first consider the plain meaning of the language used."). To hold otherwise would prohibit a trial judge from punishing individuals, such as the appellant, who repeatedly and intentionally disparage the integrity of the court and interfere with the course and conduct of proceedings before it. A trial court would be powerless to impose more than twenty days of secure detention, no matter how many acts of contempt were committed or how egregious they were. See Krueger v. State, 351 So.2d 47, 49 (Fla. 3d DCA 1977) (noting that the purpose of criminal contempt is to "punish assaults or aspersions upon the authority and dignity of a court or judge."); see also § 985.01(1)(a), Fla. Stat. (2007) (stating that one of the legislature's goals within Chapter 985 is to ensure that "the authority and dignity of the courts are adequately protected").

III. Conclusion
We hold that a trial court is not prohibited from imposing consecutive sentences of secure detention for multiple instances of direct criminal contempt pursuant to section 985.037.
AFFIRMED.
POLSTON, HAWKES, and THOMAS, JJ., concur.
NOTES
[1] We note that the trial judge stated that he was willing to revoke the entire sentence for contempt if the appellant would write a two-page letter of apology within 90 days. It appears the appellant failed to do so.
[2] Prior to January 1, 2007, this statute was numbered as section 985.216.